## Rockledge Borough v. Yetter

*Milton Jacobson,* for appellant.

*Gilbert P. High,* for appellee.

GROSHENS, J., April 21, 1961.—This court, in an opinion and order entered on January 23, 1961, dismissed defendant's appeal from a summary conviction before a justice of the peace. A reargument was allowed on the basis of a decision handed down by Judge Knight on June 15, 1956, in the case of William G. Christy v. Filler Machine Company, Inc., no. 1, November term, 1955, in equity.

In the Christy case, the employes of defendant's plant, which was located in a light industrial zone, were permitted to park their cars on an abutting lot in an "A Residential" zone. The cars were parked on the lot during working hours, which were customarily 7:30 a.m. to 4 p.m. Judge Knight, in his opinion, concluded that the zoning ordinance did not purport to deal with parking and, therefore, he permitted the parking.

An important practical distinction does exist between that case and the present case. Here, defendant is storing her commercial vehicles on the lot in the residential zone. Defendant is effectively extending the commercial use of her property by using this lot in the residence zone for storage of trucks and other commercial vehicles used in her dry cleaning business, not merely during working hours, but day and night. The zoning ordinance does purport to deal with this activity, since in section 4 of article 4 it provides for storage of automobiles and trucks in a minor garage. Defendant does not have a minor garage.

Furthermore, this court has had the benefit of more recent decisions in arriving at its determination. Un-

der varying factual circumstances and many differing ordinances, the courts have consistently required that a variance or a special exception be sought in order to allow the parking of cars on a lot in a residential zone in order to accommodate a commercial use in the adjoining zone. See Levitt v. Abington Township, 77 Montg. 146; Logan Square, Inc., v. Norristown Board of Adjustment, 72 Montg. 79; Staley v. Lower Merion Township, 69 Montg. 407; Wood-Dale Corporation v. Board of Adjustment of Abington Township, no. 18, November term, 1947, in the Court of Common Pleas of Montgomery County; Pilgar Corporation v. Board of Adjustment of Havertown Township, 45 Del. Co. 338; Philadelphia Dressed Beef Co. v. Zoning Board of Adjustment, 13 D. & C. 2d 546.

In Perelman v. Yeadon Borough Board of Adjustment, 144 Pa. Superior Ct. 5, the court was confronted with an ordinance that did not provide for the use of a lot in a residential district for purpose of parking automobiles. A variance was denied. The ordinance is similar to the one before us, since it did not permit a parking lot in a residence district, but did permit parking in a commercial zone incidental to the commercial use. Under such an ordinance, there is no right to park cars in conjunction with, or incidental to, a commercial venture on a lot zoned residential. Under "C Commercial," defendant may park cars incidental to her business establishment. In order to do so in a residential zone, she must apply for a special exception and, if granted, construct a minor garage, or she may seek a variance.

## Order

And now, April 21, 1961, the order of January 23, 1961, is affirmed.